**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Martin Ricardo MARTINEZ,
Defendant–Appellant.**

No. 05–41340
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided June 20, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, Michelle Palacios, U.S. Attorney's Office, Southern District of Texas, McAllen, TX, for Plaintiff–Appellee.

Timothy William Crooks, Assistant Federal Public Defender, Marjorie A. Meyers, Federal Public Defender, Sarah Beth Landau, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before STEWART, DENNIS, and OWEN, Circuit Judges.

PER CURIAM: [*]

Martin Ricardo Martinez pleaded guilty to one count of reentering the United States without permission after having

---

been deported. Martinez contends that 8 U.S.C. § 1326(b), under which he was convicted, is unconstitutional. The Government contends that Martinez waived his right to appeal. We need not decide the applicability of the waiver in this case because the issue that Martinez raises is foreclosed.

Martinez's constitutional challenge to 8 U.S.C. § 1326(b) is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Martinez contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* — U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Martinez properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.